IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RICHARD KAPELA DAVIS, #A0113690, | ) )  ) | CIV. NO. 08-00434 JMS-BMK |
| Plaintiff, | ) ) | AMENDED ORDER GRANTING MOTION TO TRANSFER VENUE |
| vs. | ) ) | |
| STATE OF HAWAII, LINDA LINGLE, THE HAWAII DEPARTMENT OF PUBLIC SAFETY, CLAYTON FRANK, TOMMY JOHNSON, SHARI KIMOTO, KAIANA HAILI, EDWIN SHIMODA, STATE OF ARIZONA, JANET NAPOLITANO, THE ARIZONA DEPARTMENT OF CORRECTIONS, DORA P. SCHRIRO, CORRECTIONS CORPORATIONS OF AMERICA, SAGUARO CORRECTIONAL CENTER, TODD THOMAS, BEN GRIEGO, J. VALENZUELA, JASON JOHNSON, JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 3-20, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

**AMENDED ORDER GRANTING MOTION TO TRANSFER VENUE**

Before the court is Defendants' Motion to Transfer Venue and the

court's Order to Show Cause.  [Docs. #43 and #83.]  Although the court granted

Defendants' Motion on March 10, 2009, that order was stayed to allow Plaintiff the opportunity to file an opposition to the Motion.  [*See* Docs. #60 and #64.] Plaintiff has filed his Opposition to Defendants' Motion, Defendants have filed their supplemental brief, and Plaintiff has filed a supplemental Reply.[1]  [*See* Docs. #73, #85 and #90.]

This matter is suitable for disposition without a hearing, and the May 5, 2009 hearing is VACATED.  *See* Local Rule LR7.2(d).  For the following reasons, the court finds that venue of this action in Hawaii is improper and that transfer is in the interests of justice pursuant to 28 U.S.C. § 1406(a).  Accordingly, the court again GRANTS Defendants' Motion to Transfer Venue, dissolves the stay, and TRANSFERS this action to the United States District Court for the District of Arizona.

## I.  PROCEDURAL HISTORY AND BACKGROUND

**A.**   **Procedural History**

Pro se Plaintiff Richard Kapela Davis, a Hawaii prisoner incarcerated at the Saguaro Correctional Center ("SCC") in Eloy, Arizona, filed this civil rights complaint on October 2, 2008.  Plaintiff names individuals and agencies located in

---

[1] The court also received and reviewed Plaintiff's Request to Have Court Take Notice, and Motion to Reinstate Defendant Kaiana Haili.  [Docs.#88 & #89.]  The court takes no action on Plaintiff's request, and denies Plaintiff's Motion to Reinstate Defendant Haili, as discussed below.

Hawaii and Arizona as Defendants, including the Hawaii and Arizona governors, the Hawaii Department of Public Safety ("DPS"), the Arizona Department of Corrections ("ADC"), the DPS and ADC Directors, the Corrections Corporation of America ("CCA"), and DPS and SCC employees, (collectively, "Defendants"). Plaintiff alleges that Defendants violated his right to the free exercise of religion, due process, and equal protection of the law as guaranteed by the First and Fourteenth Amendments and the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc-1 et seq. ("RLUIPA").[2]

On January 27, 2009, Defendants moved to transfer this action to Arizona. [Doc. # 43.] On February 19, 2009, after Plaintiff failed to timely oppose the Motion, Defendants filed their Reply. [Doc. #58]. Finding that the interests of justice favored transfer of the action, the court granted the Motion on February 23, 2009. [Doc. #60.]

A week later, on March 6, 2009, Plaintiff filed a Motion to Postpone or Delay Hearing, stating that he never received a copy of the Motion and was therefore unprepared to oppose the Motion. [Doc. #62]. The court denied this motion as moot on March 9, 2009. [Doc. #61]. On that same date, Plaintiff filed a

---

[2] Plaintiff was a party to an earlier suit, that raised similar claims against the State of Hawaii, DPS, CCA and others, that was settled in 2005, through the Bush Settlement Agreement. *See Bush v. Hawaii*, Civ. No. 04-00096 DAE.

Motion for Reconsideration of the court's Order Granting Defendants' Motion to Transfer Venue, more fully explaining the circumstances surrounding his failure to oppose the Motion.  [Doc. #63.]  The court stayed the order transferring the action, and allowed Plaintiff to file an opposition.  [Doc. #64.]

Plaintiff filed his Opposition on March 27, 2009.  [Doc. #73.]  After considering Plaintiff's Opposition, the court issued an Order to Show Cause, directing Defendants to file supplemental briefing on Plaintiff's argument that his action is governed by a choice of forum clause set forth in a settlement agreement between the parties, that is directly at issue in this case.  [Doc. #83.]

**B.    Plaintiff's Claims**

Plaintiff claims that SCC and CCA personnel prevented him from practicing his Native Hawaiian religion when they failed to hold a Makahiki closing ceremony feast on February 23, 2008, failed to distribute food for that ceremony, some of which Plaintiff had personally purchased, and later distributed the food to other inmates who were not associated with the Makahiki celebration or the Native Hawaiian religion.  Compl. ¶¶ 42, 55-56, 58-74, 76-81, 91-93.  Plaintiff alleges that in doing so, Defendants violated his  rights to the free exercise of religion, equal protection of the law, and due process (for failing to timely respond to his grievances) under the First and Fourteenth Amendments to the U.S.

4

Constitution and the RLUIPA.  Compl.  ¶¶ 79, 83-89, 144-151.

The complaint sets forth four causes of action: (1) Violation of Plaintiff's right to the free exercise of religion under the First and Fourteenth Amendments: (2) Violation of the Establishment Clause under the First and Fourteenth Amendments; (3) Violation of the Equal Protection Clause of the Fourteenth Amendment; and (4) Violation of the RLUIPA.  Plaintiff makes no breach of contract claim, nor does he sue to enforce the Bush Settlement Agreement.

Defendants argue that, because these events and omissions occurred entirely in Arizona, and were for the most part committed by SCC and/or CCA employees residing in Arizona, venue lies in Arizona.[3]  Defendants further argue that, even if venue is proper in Hawaii, the court should nonetheless transfer venue as a matter of convenience and in the interests of justice under 28 U.S.C. § 1404(a).  Defendants assert that (1) Plaintiff does not claim a breach of the Bush Settlement Agreement or sue for its enforcement; and, even if Plaintiff's claims are so construed, (2) the Settlement Agreement does not provide for personal jurisdiction over Defendants in any court of the United States; and (3) Plaintiff

_____

[3] Plaintiff's claims against Hawaii Defendants Clayton Frank, Tommy Johnson, Shari Kimoto, DPS, and Governor Linda Lingle ("Hawaii Defendants"), are apparently based on letters  and grievance responses from them regarding the 2007-2008 Makahiki celebration.  *See* Compl. ¶¶ 38-40, 52-55.

concedes that Defendants recognize the Native Hawaiian Religion, thus, there has been no breach of the only ongoing enforceable clause in the Bush Settlement Agreement.

Plaintiff argues that venue is proper in Hawaii because his claims are grounded in an alleged violation of the Bush Settlement Agreement reached in *Bush v. Hawaii*, Civ. No. 04-00096 DAE, even if he makes no specific claims for its breach or enforcement.  Plaintiff asserts that the Settlement Agreement's choice of forum clause requires resolution of *any* claims that relate, even tangentially, to the Settlement Agreement, to be decided exclusively in Hawaii.  Plaintiff alleges that his claims here may require interpretation of the Settlement Agreement.

### III.  LEGAL STANDARD

**A.    28 U.S.C. § 1391(b)**

When jurisdiction is not founded solely on diversity, such as in an action brought under 42 U.S.C. § 1983, venue is proper in the district in which: (1) any defendant resides, if all of the defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) any defendant may be found, *if there is no district in which the action may otherwise be brought*.  28 U.S.C. § 1391(b) (emphasis added); *see also Ziegler v. Indian River*

*County*, 64 F.3d 470 (9th Cir. 1995) (extensive discussion on jurisdiction);

*Flanagon v. Shively*, 783 F. Supp. 922, 935-937 (M.D. Penn. 1992).

**B.     28 U.S.C. § 1404: Inconvenient Forum Transfer**

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties,

witnesses, and in the interests of justice, a district court may transfer any civil

action to any other district or division where it might have been brought."  Transfer

of venue pursuant to § 1404(a) may be made by motion of either party or by the

court *sua sponte*, so long as the parties are first given the opportunity to present

their views on the issue.  *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986).

The purpose of the section is to "prevent the waste of 'time, energy and money'

and to 'protect litigants, witnesses, and the public against unnecessary

inconvenience and expense.'"  *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S. Ct.

805 (1964) (quoting *Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26-27

(1960)).  The decision to transfer an action pursuant to § 1404(a) is left to the

sound discretion of the district court. [INSERT 9th Cir. CITE].

7

**C.     28 U.S.C. § 1406: Improper Venue Transfer**

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).

## IV.   DISCUSSION

**A.     The Settlement Agreement's Applicability**

The court has carefully reviewed the Bush Settlement Agreement to determine whether its forum selection clause is applicable here.  It is not.  The terms of the Settlement Agreement are clear: It provides that Defendants recognize the Native Hawaiian Religion, that the parties "agree that the religious tenets of the [Native Hawaiian Religion] and its application in particular situations are subject to determination by the relevant parties on a case-by-case basis," and it settles claims stemming from incidents that allegedly occurred in 2003, at the Diamondback Correctional Facility (DBCF), located in Watonga, Oklahoma.  *See* Defs.' Suppl. Br., Ex. A, Att. #1 ¶¶ 1 & 4.  The particular provisions in the Settlement Agreement relating to Makahiki, expressly apply only to the 2004-2005 Makahiki celebration held at DBCF.  *Id* ¶ 4.  The 2004-2005 DBCF Makahiki celebration was held more than four years ago, in Oklahoma.

8

The Settlement Agreement's forum selection clause applies only to disputes arising under the Settlement Agreement, and relating to the 2004-2005 DBCF Makahiki.  Plaintiff is no longer incarcerated at DBCF.  Plaintiff does not complain about events that did, or did not take place during the 2004-2005 DBCF Makahiki.  Plaintiff does not dispute or seek enforcement of any particular clause in the Settlement Agreement as it relates to the 2004-2005 DBCF Makahiki celebration.  Plaintiff's complaint makes explicit reference to jurisdiction arising under 42 U.S.C. § 1983 for alleged violations of the United States Constitution, and to 42 U.S.C. § 2000cc-2(a), for violations of the RLUIPA.  There is no allegation that Defendants breached the Bush Settlement Agreement, and no factual allegations in the complaint to support such a claim.   Finally, Plaintiff's complaint arises out of conduct and transactions that allegedly occurred in Arizona between October 2007 and February 2008, four years after the events at issue in the Bush Settlement Agreement.  As such, the forum selection clause does not apply to the present action.  *See Scottish Air Int'l, Inc. v. British Caledonian Group, PLC*, 81 F.3d 1224, 1234 (2d cir. 1996) (where there is no valid claim for breach of a settlement agreement, a choice-of-law provision in the settlement agreement does not govern).

9

**B.     Transfer of Venue**

As noted, a case may be brought in a district where any defendant resides, if all of the defendants reside in the same state, or in a district where a substantial part of the action underlying the allegations occurred.  28 U.S.C. § 1391(b).  If *neither* of these subsections can be satisfied, the action may be brought in another district where any defendant can be found.  *See Lee v. Corr. Corp. of America*, 525 F. Supp. 2d 1238, 1241, n.1  (D. Haw. 2007).  Because Defendants here reside in Hawaii and Arizona, venue must be determined by reference to § 1391(b)(2), where a substantial part of the events alleged took place, or failing that, to § 1391(b)(3), where any defendant can be found.

Substantiality of events is measured by considering the nexus between the events and the nature of the claims; for venue to be proper under § 1391(b)(2), "significant events or omissions material to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere."  *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 357 (2d Cir. 2005) (discussing propriety of venue under § 1391(a)(2)).  To determine substantiality, the court looks to "the entire sequence of events underlying the claim,"  *Uffner v. La Reunion Francaise, S.A.*, 244 F.3d 38, 42 (1st Cir.2001), and focuses on the defendants' (rather than the plaintiff's) actions.  *See Jenkins Brick Co. v. Bremer*,

10

321 F.3d 1366, 1371-72 (11th Cir. 2003); *Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995).

Plaintiff asked to participate in the SCC 2007-2008 Makahiki ceremony in Arizona, and made certain demands as to what the ceremonies should include.  Compl. ¶ 37.  The Makahiki was held and Plaintiff participated, but apparently, some of his demands were not accommodated.  Plaintiff complains that the closing ceremony, held in February 2008, did not include a ceremonial feast, allegedly violating a religious tenet of Plaintiff's faith.  Plaintiff claims that food for that feast, some of which he had personally purchased, was distributed to other inmates with no connection to the Makahiki celebration or to the Native Hawaiian religion.  He protested these events to SCC officials in Arizona, as well as to DPS officials in Hawaii.

It is clear that these events and alleged omissions substantially occurred in Arizona, and were committed by SCC employees residing in Arizona. The Hawaii Defendants' alleged omissions only occurred *after* the Arizona Defendants had allegedly failed to follow DPS guidelines and had allegedly already violated Plaintiff's rights.  But for Plaintiff's alleged claims of injuries incurred in Arizona, Plaintiff has no claims against the Hawaii Defendants.  As such, the court finds that a substantial part of the actions or omissions alleged here

11

occurred in Arizona, and therefore, venue is improper in the U.S. District Court for the District of Hawaii.  *See* 28 U.S.C. § 1391(b)(2).

Because venue in Hawaii is improper, the court examines whether the interests of justice require transfer rather than dismissal.  28 U.S.C. § 1406(a); *see, e.g., King v. Russell*, 963 F.2d 1301, 1305 (9th Cir. 1992).  First, Plaintiff's Complaint states a claim and could have been filed in the District of Arizona. Second, nothing suggests that Plaintiff brought this action in bad faith.  Third, Plaintiff's pro se incarcerated status militates in favor of transfer rather than dismissal of this action.  Fourth, if proven, Plaintiff's claims involve important rights under the Constitution and statutes of the United States, and should not be lightly dismissed.  The interests of justice therefore favor transfer rather than dismissal.

Even if venue were proper in Hawaii, the balance of other factors counsel for transfer of the action to Arizona.  Section 1404(a) vests "discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness."  *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 27 (1988) (citation and internal quotation marks

omitted).  Courts must weigh multiple factors in considering a motion for change

of venue.[4]  *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

        In applying § 1404(a), the court conducts a two-part inquiry.  First,

the court determines whether the action could have been brought in the transferee

court.  Second, the court considers whether "the transfer 'will enhance the

convenience of the parties and witnesses, and is in the interests of justice.'"

*Robinson Corp. v. Auto-Owners Ins. Co.*, 304 F. Supp.2d 1232, 1243 (D. Haw.

2003); *see also Kawamoto v. CB Richard Ellis, Inc.*, 225 F. Supp.2d 1209, 1213

(D. Haw. 2002).

        As noted, this action could have (and should have) been brought in the

District of Arizona.  The court further concludes: (1) the complained of events

occurred significantly in Arizona; (2) most Defendants are located in Arizona; (3)

witnesses to the events surrounding the 2008 SCC Makahiki ceremony are located

in Arizona; (3)  Plaintiff is incarcerated in Arizona; (4) several Hawaii Defendants

---

        [4] These factors include:

(1) the location where the relevant agreements were negotiated and executed, (2) the state that is
most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective
parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the
chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability
of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease
of access to sources of proof.

*Ricoh*, 487 U.S. at 498-99 (internal footnotes omitted).

will likely be dismissed,[5] and it is less expensive for the remaining Hawaii

Defendants to travel to Arizona than vice versa; (5) most relevant records are likely

in Arizona, or are as easily available in Arizona as in Hawaii; and (6) Arizona's

interest in resolving this case is equal to, and possibly greater than, Hawaii's.

Moreover, Plaintiff fails to articulate any compelling reason why this action should

be adjudicated in Hawaii rather than Arizona.

The interests of justice clearly favor transfer of this case to the district

where most of the parties reside, witnesses may be found, there is easier access to

the necessary evidence, and there is likely a local interest in Arizona in resolving

Plaintiff's claims.  *See Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d

834, 843 (9th Cir. 1986); 28 U.S.C. § 1404(a).  Balancing the convenience of the

parties and witnesses here, and in the interests of justice, the court is convinced that

the District of Arizona is the more convenient forum for this suit.

---

[5]While making no finding on this issue, the court notes that the State of Hawaii, the State of Arizona, and the Hawaii and Arizona Departments of Public Safety are immune from suit in federal court.  *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 72 (1996); *Pennhurst State Sch. & Hosp. v. Holdeman*, 465 U.S. 89, 101-02 (1984) (Eleventh Amendment immunity extends to state agencies); *Howlett v. Rose*, 496 U.S. 356, 365 (1990) (holding that a state's department of corrections, is not considered a person under § 1983); *Flint v. Dennison,* 488 F.3d 816, 824-25 (9th Cir. 2007) (same).

## II.  **CONCLUSION**

Accordingly, the Court GRANTS Defendants' Motion and TRANSFERS Plaintiff's action to the U.S. District Court for the District of Arizona, Phoenix Division.

Plaintiff's Motion to Reinstate Defendant Kaiana Haili is DENIED, because, although Haili has not yet been served, he has not been dismissed from this action.  It is Plaintiff's responsibility to ensure that the U.S. Marshal has the current address and necessary information to serve the complaint on Mr. Haili on Plaintiff's behalf.  All other pending motions and requests, and any later filed motions, shall be TRANSFERRED.  The Clerk of Court is DIRECTED to close the file and send any further documents received from Plaintiff to the U.S. District Court for the District of Arizona, Phoenix Division.

IT IS SO ORDERED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: May 4, 2009

*Davis v. Hawaii, et al.*, Civ. No. 08-00434 JMS-BMK; Order Granting Motion to Transfer Venue; pro se attorneys/Trsfr or Venue/ Davis 08-434 BMK (Amd Ord trsf to AZ)